IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK AARON HESS, by and through :
his parent and natural guardian, :
MARK HESS :
: CIVIL ACTION
v. :
: NO. 08-0229
:
A.I. DUPONT HOSPITAL FOR :
CHILDREN, et al. :

SURRICK, J.                                             AUGUST 28, 2009

## MEMORANDUM

Presently before the Court is Defendants' Petition for Certification of Immediate Appeal from the Court's March 5, 2009 Order. (Doc. No. 46.) For the following reasons, the Petition will be granted.

**I.   BACKGROUND**

This case has a long factual and procedural history that has been fully set out elsewhere. *See Hess v. A.I. duPont Hosp. for Children*, No. 08-0229, 2009 U.S. Dist. LEXIS 19492, at *3-13 (E.D. Pa. Mar. 5, 2009); *Conway v. A.I. duPont Hosp. for Children* (*Conway II*), No. 04-4862, 2009 U.S. Dist. LEXIS 896, at *3-11 (E.D. Pa. Jan. 6, 2009); *Guinan v. A.I. duPont Hosp. for Children* (*Guinan I*), 597 F. Supp. 2d 517, 520-25 (E.D. Pa. 2009); *Guinan v. A.I. duPont Hosp. for Children* (*Guinan II*), 597 F. Supp. 2d 485, 490-93 (E.D. Pa. 2009). For purposes of this Memorandum, we recount only the facts necessary to decide the instant Petition.

Doctors at the A.I. duPont Hospital for Children in Wilmington, Delaware, implanted a Cheatham Platinum stent ("CP stent") in Plaintiff Mark Aaron Hess to treat a congenital heart

defect. The CP stent, a Class III medical device, did not have FDA pre-market approval at the time that the doctors at the A.I. duPont Hospital implanted it in Plaintiff. Plaintiff and two other children, Molly Guinan and Teague Conway, who also had CP stents implanted in them in the 2002-2003 timeframe brought this lawsuit as a class action, alleging harm arising from the use of the CP stent. *See* Complaint, *Conway v. A.I. duPont Hosp. for Children*, No. 04-4862 (E.D. Pa. Oct. 15, 2004). The named plaintiffs eventually decided to dismiss their class action claims and pursue three individual actions. They continued, however, to rely on the non-class action allegations in the Complaint, and they jointly conducted discovery in all three actions.

The Complaint contains six counts alleging six separate causes of action against each Defendant: Negligence (Count I); Fraud and Intentional Misrepresentation (Count II); Assault and Battery (Count III); Strict Liability (Count IV); Breach of Express and Implied Warranties (Count V); and Medical Monitoring (Count VI). In 2007, before the plaintiffs decided to pursue their actions individually, we dismissed certain theories under Count I and Counts III, IV, and V in their entirety as to two of the Defendants, Dr. William Norwood and Dr. John Murphy. *Conway v. A.I. Dupont Hosp. for Children* (*Conway I*), No. 04-4862, 2007 U.S. Dist. LEXIS 10563 (E.D. Pa. Feb. 14, 2007). On March 5, 2009, we issued a Memorandum and Order in this case granting in part and denying in part the motions for summary judgment filed by Defendants. *See Hess*, 2009 U.S. Dist. LEXIS 19492, at *44-45.

The March 5 Memorandum and Order granted summary judgment in favor of all Defendants on Counts I, II, III, IV, and V. Summary judgment was denied on Count VI, the medical monitoring claim. In a Memorandum and Order dated February 6, 2009, in the case of Molly Guinan, we predicted that the Delaware Supreme Court would recognize a medical

monitoring cause of action if presented with the facts then before us. *Guinan I*, 597 F. Supp. 2d at 536-40. We reached the same conclusion with regard to Plaintiff's claim for medical monitoring in this case. *Hess*, 2009 U.S. Dist. LEXIS 19492, at *39-42.

Defendants' instant Petition requests that we certify the March 5 Order for immediate appeal. (Doc. No. 46.) Plaintiff has filed a Response in support of Defendants' Petition. (Doc. No. 47.)

## II.   ANALYSIS

### A.   Medical Monitoring – 28 U.S.C. 1292(b)

A district court may, at its discretion, certify an interlocutory order for appeal under 28 U.S.C. § 1292(b).[1] Section 1292(b) sets out three requirements that must be met in order for a district court to properly certify an interlocutory order: (1) the order must involve a controlling question of law; (2) there must be substantial ground for difference of opinion as to the controlling question of law; and (3) immediate appeal must have the potential to materially advance the ultimate termination of the litigation. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 753-54 (3d Cir. 1974) (en banc) (discussing history of interlocutory appeals and § 1292), *cert. denied*, 419 U.S. 885 (1974); *see also Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 598 (E.D. Pa. 2008) ("Each of [§ 1292(b)'s] elements must be met for certification to issue.");

---

[1] Section 1292(b) provides, in pertinent part:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

3

*Morris v. Hoffa*, No. 99-5749, 2002 U.S. Dist. LEXIS 113, at *26 (E.D. Pa. Jan. 4, 2002) ("In order for a district court to certify an issue for interlocutory appeal, all three factors identified in the statute must be satisfied."), *aff'd in part and vacated in part on other grounds*, 361 F.3d 177, 197 (3d Cir. 2004).

### 1. *Controlling Issue of Law*

"An order involves a controlling issue of law if, on appeal, a determination that the decision contained error would lead to reversal." *Ctr. for Advanced Mfg. & Tech. v. Wrightco Tech.*, No. 05-329, 2006 U.S. Dist. LEXIS 6389, at *5 (W.D. Pa. Feb. 13, 2006) (quoting *Dorward v. Consol. Rail Corp.*, 505 F. Supp. 58, 59 (E.D. Pa. 1980)). The parties agree that our analysis of Plaintiff's medical monitoring claim in the March 5 Memorandum and Order involved controlling issues of law. (Doc. No. 46 ¶ 7; Doc. No. 47 at 1-2.) We agree with the parties. The March 5 Memorandum and Order contained the following three controlling issues of law: (1) that the Delaware Supreme Court would recognize a medical monitoring cause of action; (2) that Plaintiff would be able to state a claim for medical monitoring in Delaware; and (3) that Plaintiff had met his summary judgment burden of establishing a genuine issue of material fact for trial regarding his medical monitoring claim. Each of these issues, if erroneously decided, would result in reversal on final appeal because Defendants would have been entitled to either dismissal for failure to state a claim or summary judgment for Plaintiff's failure to establish genuine issues of material fact regarding the elements of his claim. Accordingly, the first requirement of § 1292(b) is satisfied.

### 2. *Substantial Grounds for Difference of Opinion*

A court may find a substantial grounds for difference of opinion "when the matter

involves 'one or more difficult and pivotal questions of law not settled by controlling authority.'" *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)). Furthermore, "the absence of controlling law on a particular issue can constitute substantial grounds" for difference of opinion. *Id.* (*citing Chase Manhattan Bank v. Iridium Afr. Corp.*, 324 F. Supp. 2d 540, 545 (D. Del. 2004)). "Some courts have found a 'substantial ground for difference of opinion' where the matter of first impression is 'novel' or requires 'highly complex' analysis." *In re Frascella Enters.*, No. 08-100, 2008 U.S. Dist. LEXIS 68279, at *7 (E.D. Pa. Sept. 10, 2008) (*citing Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 494 F. Supp. 1190, 1243 (E.D. Pa. 1980)).

Each of the controlling issues of law discussed above involves substantial grounds for disagreement. There are substantial grounds for disagreement over whether Delaware will actually recognize a cause of action for medical monitoring. As we discussed in *Guinan I*, Delaware courts, including the Delaware Supreme Court, have had medical monitoring claims before them on several occasions and they have not disavowed medical monitoring as a legally cognizable cause of action. *Guinan I*, 597 F. Supp. 2d at 538-39 & n.8 (citing cases and discussing *Mergenthaler v. Asbestos Corp. of Am.*, 480 A.2d 647 (Del. 1984)). However, they also have not formally recognized the tort as a legally cognizable cause of action.

Even if the Delaware Supreme Court were to recognize a medical monitoring tort, there are substantial grounds for disagreement over whether Plaintiff can state a claim. In *Guinan I*, we recognized that Plaintiff's theory that medical devices can be the basis for a medical monitoring claim was novel. *See Guinan I*, 597 F. Supp. 2d at 528. Indeed, we are aware of no case in which a plaintiff has alleged or a court has recognized a medical monitoring claim where

5

the plaintiff has had a Class III medical device implanted that did not have FDA premarket approval and where the plaintiff did not offer evidence that the device was defective. For the reasons set out in the March 5, 2009 Memorandum and *Guinan I*, we determined that Plaintiff's case implicates the policies that have led other courts to recognize medical monitoring claims in a variety of contexts, from exposure to hazardous substances to injuries sustained in an airplane crash. *See Hess*, 2009 U.S. Dist. LEXIS 19492, at *41-42; *Guinan I*, 597 F. Supp. 2d at 539-40. We are satisfied that Plaintiff's novel theory here is one in which certification of an interlocutory order for appeal is appropriate. *See Knipe*, 583 F. Supp. 2d at 600 (finding that a substantial ground for difference of opinion existed where the court's "decision involve[d] a rather novel question of law, which the Third Circuit has not yet had the opportunity to address").

Given the novel nature of Plaintiff's medical monitoring theory, there are also substantial grounds for disagreement as to whether Plaintiff satisfied his summary judgment burden. For example, Defendants question whether Plaintiff can state a medical monitoring claim where "there is no evidence that a reasonable physician would prescribe for Plaintiff . . . a monitoring program over and above what is required for his underlying medical condition and life-saving Fontan procedure." (Doc. No. 46 ¶ 7.) Some courts have held that such evidence is an essential element of a medical monitoring claim. *See, e.g., Redland Soccer Club v. Dep't of the Army*, 696 A.2d 137, 146 (Pa. 1997) (requiring that "the prescribed monitoring regime [be] different from that normally recommended in the absence of the exposure"). An interlocutory appeal on these issues, which go to the essential elements of the claim and the burden of proof at trial, will likely save the Court and the parties from unnecessary proceedings. After an appeal, there will either be no trial or a trial will be conducted with clear guidance from the Third Circuit, making the

6

proceedings more efficient and potentially obviating the need for a post-trial appeal on issues pertaining to medical monitoring.

### 3. *Material Advancement of the Litigation*

"An interlocutory appeal materially advances litigation if it '(1) eliminate[s] the need for trial, (2) eliminate[s] complex issues so as to simplify the trial, or (3) eliminate[s] issues to make discovery easier and less costly.'" *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 613 (E.D. Pa. 2008) (*quoting Orson, Inc., v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994)). When analyzing the question of whether an interlocutory appeal will materially advance the litigation, district courts should focus on the efficient use of judicial resources. *Miron v. BDO Seidman, LLP*, No. 04-968, 2006 U.S. Dist. LEXIS 90758, at *11 (E.D. Pa. Dec. 13, 2006). Allowing an interlocutory appeal here would materially advance the litigation. The March 5, 2009 Memorandum and Order granted Defendants' motions for summary judgment on Counts I through V. Plaintiff has expressed his intention to appeal from those determinations. (Doc. No. 47 at 1.) Certifying Plaintiff's medical monitoring claim – the last remaining claim in this litigation – could result in termination of the litigation. Moreover, certification of the March 5, 2009 Order for appeal does not have the potential to prolong the litigation. *Cf. United States v. Merchs. Mut. Ins., Co.*, No. 05-5310, 2007 U.S. Dist. LEXIS 59273, at *7 (D.N.J. Aug. 14, 2007) (designated not for publication) (denying motion for § 1292(b) certification where "there [we]re numerous potential results from appeal which may not advance the litigation, but rather prolong it, adding to discovery and litigation costs"). As noted above, granting Defendants' Petition will result in either dismissal or clarification of the law to be applied at trial, which in turn will simplify the administration of the trial and reduce the likelihood of a post-trial appeal. Either of

7

these outcomes will result in a more efficient use of judicial resources than denying the Petition and proceeding to trial on Plaintiff's medical monitoring claim.

**B.     Counts I-V – Rule 54(b)**

Defendants also request that we direct entry of final judgment as to Counts I through V pursuant to Federal Rule of Civil Procedure 54(b). (*See* Doc. No. 46 ¶ 4.) In actions where more than one claim is presented, Rule 54(b) permits district courts to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . [but] only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) certification is appropriate where "(1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" *Berckeley Inv. Group, Ltd., v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980).

The grant of summary judgment qualifies as a final judgment under Rule 54(b) if it represents the ultimate disposition of a claim. *Russoli v. Salisbury Twp.*, 126 F. Supp. 2d 821, 874 (E.D. Pa. 2000) (noting that where *res judicata* would bar plaintiff from relitigating the claims disposed of on summary judgment determination, the judgment was final (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7)); *see also Diamond Triumph Auto Glass, Inc., v. Safelite Glass Corp.*, No. 02-0514, 2007 U.S. Dist. LEXIS 2094, at *22 (M.D. Pa. Jan. 11, 2007) ("[O]ur decision to grant summary judgment qualifies as final judgment for those claims affected by the decision."). The March 5, 2009 Order qualifies as a final judgment in Counts I through V since granting summary judgment was "an ultimate disposition on a cognizable claim for relief." *See Berckeley*, 455 F.3d at 202. Put another way, *res judicata* would bar

Plaintiff from relitigating the claims articulated in those counts. *See Russoli*, 126 F. Supp. 2d at 874.

In order to determine whether there is "no just reason for delay" under Rule 54(b), the Third Circuit has instructed district courts to consider a non-exclusive list of five factors:

> (1) the relationship between the adjudicated and non-adjudicated claims; (2) the possibility that the need for review might be mooted by future developments; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim that could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of the trial, frivolity of competing claims, expense and the like.

*Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975), *overruled in part by Curtiss-Wright*, 446 U.S. at 6-7.[2] The concerns raised by the second, third, and fourth factors are not present here: future developments are unlikely to moot the need for review; it is unlikely the Third Circuit would have to consider the issues a second time; and there are no claims or counter-claims that could result in a set-off.

The first and fifth factors favor finding that there is no just reason for delay. In this context, the decision to certify questions regarding Count VI under § 1292(b) and to direct

---

[2] In *Allis-Chalmers*, the Third Circuit held that "[i]n the absence of unusual or harsh circumstances, we believe that the presence of a counterclaim, which could result in a set-off against any amounts due and owing to the plaintiff, weighs heavily against the grant of 54(b) certification." 521 F.2d at 366. In *Curtiss-Wright*, the Supreme Court rejected the "harsh or unusual circumstance" requirement for Rule 54(b) certification. 446 U.S. at 9 (holding that harsh or unusual requirement "reflect[ed] a misinterpretation of the standard of review for Rule 54(b) certifications and a misperception of the appellate function in such cases"). However, the five-factors announced in *Allis-Chalmers* appear to have been unaffected by the Supreme Court's limited disapproval. Indeed, the Third Circuit continues to use the five-factor test. *See, e.g., Berckeley*, 455 F.3d at 203 (citing *Allis-Chalmers*, 521 F.2d at 364 and relying on the five-factor test); *see also JHNY Corp. v. Dana Corp.*, No. 05-2829, 2006 U.S. Dist. LEXIS 4013, at *2 (E.D. Pa. Jan. 25, 2006) (same).

entry of final judgment on Counts I through V under Rule 54(b) serves the purpose of keeping closely related final judgments and interlocutory rulings together. Rule 54(b) certification ensures that all the claims and bases for appeal can be properly presented to the Third Circuit at the same time, avoiding the potential for piecemeal appellate review. *See Berckeley*, 455 F.3d at 202 ("[R]ule [54(b)] was designed in an attempt to 'strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.'" (quoting *Allis-Chalmers*, 521 F.2d at 363)); *Curtiss-Wright*, 446 U.S. at 8 (discussing "the historic federal policy against piecemeal litigation" (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956))); *see also Katz*, 496 F.2d at 764 (discussing the need to avoid "piecemeal [appellate] review and its attendant delays and waste of time" with regard to § 1292(b)); *Morris*, 2002 U.S. Dist. LEXIS, at *4 (noting, in context of § 1292(b) certification, the "strong policy against piecemeal appeals") (quotation marks and citation omitted). This approach promotes judicial economy before the appellate court and the trial court and minimizes expenses for the parties. Absent countervailing considerations, we believe that this is sufficient to find no just reason for delay in certifying Counts I through V under Rule 54(b).

Finally, the March 5, 2009 Order presents distinct analytical bases for directing entry of final judgment under Rule 54(b) on Counts I through V in addition to certifying the Order under § 1292(b). As discussed above, our denial of Defendants' request for summary judgment on Plaintiff's medical monitoring claim involved controlling issues of law over which there are substantial grounds for disagreement. Answers to the certified questions will materially advance the litigation, and they are thus appropriately certified under § 1292(b). By contrast,

our determinations with regard to Counts I through V do not present controlling issues of law over which there are substantial grounds for disagreement. It was, in fact, Plaintiff's failure to comply with the unambiguous requirements of Delaware law that led us to grant Defendants' motions for summary judgment on Counts I through V.

In any event, we believe that certification of Count VI under § 1292(b) and directing entry of final judgment on Counts I through V under Rule 54(b) is the proper course of action because Plaintiff's entire case is ripe for appeal.[3] We note that the Third Circuit has heard appeals, without voicing disapproval, in cases where district courts have both directed entry of final judgment under Rule 54(b) as to claims disposed of by an order and certified legal questions under § 1292(b) regarding legal claims not disposed of by the same order. *See, e.g., Morris v. Hoffa*, 361 F.3d 177, 180 (3d Cir. 2004) (hearing appeal of summary judgment order where the district court directed entry of final judgment under Rule 54(b) on some counts disposed of by the order and certified a legal question under § 1292(b) regarding another count not disposed of by the order); *Struble v. N.J. Brewery Employees' Welfare Trust Fund*, 732 F.2d 325, 329-30 (3d Cir. 1984) (hearing appeal of summary judgment order where the district court directed entry of final judgment on two counts under Rule 54(b) and certified four legal

---

[3] Plaintiff's case raises similar legal questions to those in the cases of Molly Guinan and Teague Conway. Those cases are also ready for appellate review. Teague Conway's counsel filed an appeal in that case in January, but also filed a motion for reconsideration, preventing the appeal from going forward. On May 26, 2009, we issued an order dismissing the motion for reconsideration. *See* Order, *Conway v. A.I. duPont Hosp. for Children*, No. 04-4862 (E.D. Pa. May 26, 2009). That order resolved all outstanding motions and the appeal of Teague Conway's case can now go forward. The procedural posture in Molly Guinan's case is similar to Plaintiff's case. The legal reasoning in this Memorandum applies with equal force to certification of Molly Guinan's case for appeal. In a memorandum and order that will issue with this Memorandum and Order, we certify questions to the Third Circuit regarding Molly Guinan's medical monitoring claim and direct entry of final judgment on Counts I through V.

11

questions arising from the remaining two counts under § 1292(b)), *disapproved on other grounds by Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989). Other circuits are in accord with this approach. *See, e.g., DeMelo v. Woolsey Marine Indus., Inc.*, 677 F.2d 1030, 1034 n.9 (5th Cir. 1982) ("It is often a close question whether a case falls within the parameters of Rule 54(b). In any such case, if the trial court desires to allow prompt appeal, it would be well advised not only to certify under Rule 54(b) but also to alternatively certify under section 1292(b) . . . .") (internal citation omitted). *Cf. World Trade Ctr. Props., LLC, v. Hartford Fire Ins. Co.*, 345 F.3d 154, 159, 165 (2d Cir. 2003) (hearing separate appeals based on § 1292(b) and Rule 54(b) together), *overruled on other grounds by Wachovia Bank, N.A., v. Schmidt*, 546 U.S. 303, 309-10 (2006); *Local P-171, Amalgamated Meat Cutters & Butcher Workmen v. Thompson Farms Co.*, 642 F.2d 1065, 1070 (7th Cir. 1981) (Wisdom, J., sitting by designation) (observing that "[t]hough the mechanics of [§ 1292(b) and Rule 54(b)] are different, their primary purposes are identical: to accelerate appellate review of select portions of a litigation").

### III.   CONCLUSION

For the foregoing reasons, Defendants' Petition for Certification will be granted. An appropriate Order will follow.

BY THE COURT:

_____
R. Barclay Surrick, J.